IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHYSICIANS LIFE INS. CO., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>MARY MORRIS BEAVERS, *et al.*, )<br>    Defendants. ) | CIVIL ACTION 1:17-00447-KD-N |

**ORDER**

This matter is before the Court on Plaintiff's "Motion under Rule 19 and Rule 20 to add J. Gregory Carwie to Plaintiff's Complaint." (Doc. 45).

Plaintiff initiated this action for interpleader and declaratory relief on October 4, 2017 against Defendant Mary Morris Beavers (Beavers) and others. (Doc. 1). Specifically, Plaintiff alleges a Rule 22 interplead claim regarding certain annuity policy proceeds and alleged a declaratory judgment claim -- all with regard to the rights and obligations among the parties regarding the annuities sold and issued to Beavers, due to its receipt of notice of competing claims as to the annuities' ownership and beneficiary status. On October 20, 2017, Defendants moved to stay this case pending entry of final judgment in the underlying state court action (Doc. 13, 14, 16), which was granted (Doc. 18). On May 31, 2018, the stay was lifted (Doc. 33) in light the state court's ruling that Beavers is incapacitated, her husband and daughter were named as joint guardians, and J. Gregory Carwie (Carwie), General Conservator of Mobile County, was named Conservator of Beavers' assets (Doc. 32). Pursuant to the July 30, 2018 Rule 16(b) Scheduling Order, any amendments to the pleadings were due by August 1, 2018. (Doc. 43).

On July 31, 2018, Plaintiff moved to amend the complaint to add Carwie as a necessary or permissive party defendant. (Doc. 45). Plaintiff asserts that "the parties agree…that Mr. Carwie be added as a necessary party under Rule 19, or…a permissive party under Rule 20…" (Id. at 1). Plaintiff contends that either Rule 19 applies because the Court "cannot accord complete relief…without utilizing the resources, investigation and knowledge" of Carwie as Beavers' Conservator; or Rule 20 applies because Plaintiff's claim "concerns the very task that Mr. Carwie has been assigned to carry out as conservator" and thus, "questions of law or fact at issue…apply equally to him as they do the currently named parties." (Doc. 45 at 2-3).

The record indicates Plaintiff has not amended the complaint previously, more than 21 days have passed since the original complaint was filed but no answer has been filed by Defendants, and the motion to amend the complaint was filed before the Rule 16(b) deadline for amendments. As such, the Court construes the motion as an amended complaint filed as a matter of course per Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Accordingly, it is **ORDERED** that Plaintiff's motion (Doc. 45) is **CONSTRUED** as an Amended Complaint, and the Clerk is **DIRECTED** to docket Doc. 45-1 as Plaintiff's First Amended Complaint.

**DONE** and **ORDERED** this the **2nd** day of **August 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**